E. M. LEAVITT *vs.* TOWN OF SOMERVILLE.

Kennebec.    Opinion August 13, 1909.

*Municipal Corporations. Town Debts. Unconstitutional Debts. Invalid Bonds. Accretions of Unpaid Interest. Evidence. Town Records. Burden of Proof. Presumptions. Constitution of Maine, Article XXII.*

1.  A town has the right to hire money to refund the debt which it owed in 1878, when the amendment to the constitution limiting municipal indebtedness took effect, even if its debt was then in excess of the five per cent limit.

2.  In such case a town cannot constitutionally create a new or additional debt while the former debt remains unpaid to the extent of the debt limit, nor can it hire money to pay a debt thus unlawfully created.

3.  If a town, however, does create such an additional, but unconstitutional, debt, and hires money to pay both classes of debt, indiscriminately, the taint of the unlawful part permeates the whole loan, and makes it uncollectible.

4.  When a town's debt is in part lawful, and in part unlawful by reason of its being in excess of the constitutional debt limit, a vote to issue bonds "to fund the town debt" applies to the unlawful part of the debt, as well as to the lawful part.  And bonds issued in pursuance to such a vote are wholly invalid and uncollectible.

5.  The increase of town debt, due to the accretions of unpaid interest on existing lawful indebtedness, is not the creation of a new debt, within the meaning of the constitution.

6.  The records of a town, showing reports of the town officers concerning the amount of the town debt, and showing that the reports were accepted by the town, are admissible in favor of the town to show an indebtedness in excess of the constitutional limitation, and are prima facie evidence of the amount of the indebtedness of the town at the time when made.

7.  The burden is on one, who would recover a loan made to a town for the purpose of paying its debt, to show that the debt to be paid was within the constitutional limit; and when, for the purpose of showing an existing indebtedness, a plaintiff in an action to recover on a bond issued to pay a town debt, introduces the town record, which also shows the amount of the indebtedness of the town, the whole record is evidence.

8.  There is no presumption that an increase in the indebtedness of a town is due to its having left unpaid the accruing interest on a lawful indebtedness, rather than the current town expenses.

9. When, in fact, a town's indebtedness has been increased beyond the debt limit of five per cent, and bonds are issued by the town " to refund the town debt," in a suit to recover on one of such bonds, the burden is on the plaintiff to show that all of the debt, which the loan his bond represents was taken to refund, was a lawful obligation of the town.

On report.    Judgment for defendant.

Action of assumpsit on a certain written agreement or certificate (but not under seal) issued by the defendant town under date of October 10, 1887, whereby, it was alleged, the defendant town "for value received promised to pay to the holder of said certificate the sum of five hundred dollars within twenty years from said date, and also that it would pay the interest upon the same annually at the rate of five per cent per annum upon presentation of the interest warrants annexed to said certificate at the office of its treasurer, and thereupon for value received delivered the same, together with twelve interest warrants annexed for the payment of twenty-five dollars each, on the 10th days of October in the years 1898 to 1907 inclusive respectively."

The defendant filed a special demurrer to the declaration.    The case was then heard by the presiding Justice at the March term, 1909, Supreme Judicial Court, Kennebec County.    At the conclusion of the evidence it was agreed that the case should be reported to the Law Court for determination "upon such evidence as is legally admissible."

The case is stated in the opinion.

*Williamson & Burleigh,* for plaintiff.

*Heath & Andrews,* for defendant.

SITTING :   WHITEHOUSE, SAVAGE, SPEAR, CORNISH, KING, BIRD, JJ.

SAVAGE, J.    In March, 1887, at a legal meeting of the inhabitants of the defendant town, it was voted "to issue coupon bonds running twenty years, or at the option of the town to pay sooner, .    .    .    .    amount of bonds not to exceed $18000."    The purpose of the issue was stated in the vote in these words,—"Said bonds is to fund the town debt."

Under this vote bonds were issued to the amount of $17000, and this suit is brought to recover payment for one of the bonds and its coupons.

The defendant denies that this bond ever became a binding obligation of the town, for the reason that the formalities of execution prescribed in the vote of the town were not observed by the town officers who issued it. But we do not find it necessary to decide or consider this point. And we pass on to the more important question raised by the defendants' second contention, which is, that the town debt to pay or fund which this series of bonds was issued, was, in part, at least, illegal, because created in excess of the constitutional limit of municipal indebtedness, as applied to Somerville.

The constitutional limitation is expressed in these words,—"No city or town shall hereafter create any debt or liability, which singly or in the aggregate with previous debts or liabilities shall exceed five per centum of the last regular valuation of said city or town; provided, however, that the adoption of this article shall not be construed as applying . . . . to any loan for the purpose of renewing existing loans . . . . Constitution of Maine, Art. XXII.

It is admitted that at all times from 1876 to and including the year 1888 the valuation of Somerville was less than $100,000, of which sum five per centum is $5000. But the defendant town claims that when the foregoing constitutional provision became effective, January 2, 1878, it was already indebted to the amount of about $17,000, and in excess of the constitutional limit. And so the town contends that while it could afterwards renew or refund the debt which then existed, it could not constitutionally create any new or additional debt, until the municipal debt was within the constitutional limit; and further that any new debt created in excess of that limit was unlawful and not binding upon the town. It claims, nevertheless, that additional and new, but unconstitutional, debts were created thereafter from time to time, until in 1887, when the bonds were authorized and issued, the total debt, old and new, was $22,763.99. And, finally, it contends that the vote to issue bonds "to fund the town debt" applied to the unlawful part as well

as to the lawful part of the debt. And hence that the whole issue was unlawful, because the valid cannot be distinguished from the invalid.

If the defendant's premises are correct, we think its conclusion follows. In fact this position is not controverted by the plaintiff. The town had the right to hire money to refund the debt which it owed in 1878 when the constitutional amendment took effect, even if it was in excess of the five per cent limit. But it did not have the power constitutionally to create a new or additional debt while the former debt remained unpaid, to the extent of the debt limit, nor to hire money to pay a debt thus unlawfully created. If it hired money to pay both classes of debt indiscriminately, the taint of the unlawful part permeated the whole loan, and made it uncollectible. It is impossible to distinguish the good from the bad.

But the plaintiff claims first, that there is in the case no admissible evidence that the town debt in 1887 exceeded the debt in 1878, secondly, that if there was an increase in the debt, it was due to the accretions of unpaid interest on existing lawful indebtedness, and not to the creation of new debts, and thirdly, as is conceded, that under the constitutional provision itself, the town could lawfully make "a loan for the purpose of renewing existing loans," and the unpaid interest thereon.

The only evidence in the case touching the amount of the town debt in the different years are the records of the annual town meetings, containing the reports of the town officers, as accepted by the town. We have before us such reports for 1876, 1880, and 1882 to 1888 inclusive. It is admitted that there is no record of the town debt for 1877, 1878 and 1879. It is also admitted that there are no books in existence kept by the town treasurer or other town officers that would show the state of the town debt from year to year, in the years above given, except as reported to the town in the reports above mentioned.

The plaintiff claims that such records are admissible against the town to show a lawful indebtedness, and hence to show that this loan was made for the lawful purpose of paying a debt, but that they are not admissible in favor of the town to show an indebtedness

in excess of the constitutional limitation, or to show an increase in
the debt after 1878.   We are unable to concur in the latter view.
These records are not obnoxious to the rule which excludes the self
serving declarations of parties.   They are public records of the
official acts of public officers, concerning a matter of public moment,
the financial condition of the town.   The reports were accepted by
the town, and have apparently stood unchallenged.   The books of
the town treasurer, or of the selectman, if in existence, might furnish
more satisfactory evidence, but they are not in existence.   We think
that these records are probative in their character, and that they
are at least prima facie evidence of the indebtedness of the town for
the years given.

But there is another view of this question.   It is the well settled
law of this State that one who would recover a loan made to a town
must show that the money was hired by the town for a lawful pur-
pose.   *Lovejoy* v. *Foxcroft*, 91 Maine, 367 ;  *Pierce* v. *Greenfield*,
96 Maine, 350.   It is incumbent on the plaintiff here to show that
the town had a right to hire the money for which this bond was
taken, for if not, it was not hired for a lawful purpose.   In the
process of proof the plaintiff begins with the record of the indebted-
ness in 1876, of $15,792.92, which we may assume, as the plaintiff
does, was lawful indebtedness.   But that is not enough.   Since his
bond was authorized in 1887 to refund the town debt, he must show
that there was, in 1887, an existing town debt.   He can do this
only by the town records for 1887.   But if he relies upon the
record, we think he must take the whole of it.   He cannot show an
indebtedness by this record without showing the amount.   They are
inseparable.   Hence we conclude that it is properly established that
the town debt of Somerville in  1876 was $15,792.92, and in 1887,
$22,763.99.

Taking into account the history of the financial standing of the
town, the plaintiff assumes, and fairly so, we think, that the indebted-
ness on January 2, 1878, when the constitutional limitation took
effect, was in the neighborhood of $17,000 so that there had been
an apparent increase of about $5,000 when the bond issue was made.
What occasioned this increase does not appear.   Whether the town

paid its current expenses for schools, roads and paupers and allowed the interest on indebtedness to accumulate, or whether it paid the interest and allowed other obligations to remain unpaid, or whether it paid part of both, is not shown. A comparison of the indebtedness, one year with another, shows that, at least, some of the interest was paid.

In this situation, the plaintiff relies upon a legal presumption, omnia rite acta præsumuntur. His argument is that since the town could legally borrow to refund existing legal debts, and could not borrow for any other purpose, it should be presumed that the increase in indebtedness from year to year was occasioned by legally taking up or renewing existing indebtedness with interest, and not by illegally attempting to create new indebtedness.

We do not think there is any such presumption. The question is one of fact. There is no legitimate inference that the town officers paid current expenses any more than that they paid interest on the debt, or if they gave town orders, that they gave them on account of the debt alone, and not for other pecuniary obligations. It is a matter of proof, and as we have already said, the burden is on the plaintiff to show that the debt—all of it—which the loan his bond represents was taken to refund, was a lawful obligation of the town. This he has failed to do.

*Judgment for the defendant.*